

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DENNIS TAYLOR,

                                       Plaintiff,

-against-

NELSON, #14389, CAPTAIN CICINO, #930,
CAPTAIN CAVALLI, #1492, EADDY #15906, JANE
SAN JOSE, MD,

                                       Defendants.
----------------------------------------------------------------X

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

CV 06 2901 (BSJ)(DCF)

**WHEREAS,** plaintiff commenced this action by filing a complaint on or about April 13, 2006, alleging that defendant violated his constitutional rights; and

**WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS,** plaintiff *pro se* desires to settle this action on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. This above-referenced action is hereby dismissed with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff, Dennis Taylor, the total sum of FIVE HUNDRED DOLLARS ($500) in full satisfaction of all claims, including

claims for costs, expenses and attorney's fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the City of New York, all individually named defendants, including Correction Captains Cicino and Cavalli, Correction Officers Nelson and Eaddy, and Dr. Jane San Jose, and to release all defendants and any present or former employees or agents of the City of New York, or agency thereof, from any and all liability, claims, or rights of action that have or could have been alleged by plaintiff in this action arising out of the events alleged in the complaint in this action, including claims for costs, expenses and attorney's fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a release based on the terms of paragraph "2" above and an Affidavit Concerning Liens.

4. Nothing contained herein shall be deemed to be an admission by the City of New York or all other defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York, or agency thereof.

6. This Stipulation and Order contains all the terms and conditions agreed

upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
~~January~~ 9, 2007
February

Dennis Taylor, 05-A-1139
Plaintiff *Pro Se*
Watertown Correctional Facility
P.O. Box 168
Watertown, New York 13601

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 788-0422

By: Dennis Taylor
    Dennis Taylor

By: Basil C. Sitaras (BS-1027)
    Assistant Corporation Counsel

SO ORDERED:

_____
U.S.D.J.

2/21/07

- 3 -